IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:15-CV-125-FL

| | |
|---|---|
| JAMES HAMBY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| SETERUS, INC., ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on Defendant Seterus, Inc.'s ("Defendant") motions to dismiss the complaint and first amended complaint of *pro se* Plaintiff James Hamby ("Plaintiff") for failure to state a claim upon which relief may be granted pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure. [DE-10, DE-18]. All responsive briefing is complete, and the pending motions are ripe for adjudication. These motions were referred to the undersigned and are considered here for a recommendation to the District Court. *See* 28 U.S.C. § 636(b)(1)(A), (B); *see also* Local Civil Rule 72.3(c). For the reasons set forth below, it is recommended that Defendant's first motion to dismiss [DE-10] be denied as moot and Defendant's second motion to dismiss [DE-18] be granted.

## I. BACKGROUND

On June 5, 2015, Plaintiff filed a complaint alleging claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, related to Defendant's debt collection practices. Compl. [DE-1]. After being granted an extension of time to answer [DE-8], on July 21, 2015, Defendant filed the first motion to dismiss the complaint pursuant to Rules 8 and 12(b)(6) [DE-10]

in lieu of filing an answer. On August 12, 2015, Plaintiff filed a response in opposition to the first motion to dismiss [DE-15] and filed an amended complaint as of right pursuant to Rule 15 ("Am. Compl.") [DE-14]. On August 26, 2015, Defendant filed a reply [DE-17] and a motion to dismiss Plaintiff's amended complaint pursuant to Rules 8 and 12(b)(6) [DE-18]. Plaintiff filed a response in opposition to the second motion to dismiss on September 4, 2015 [DE-21], and Defendant filed a reply on September 18, 2015 [DE-22].

## II. FACTUAL ALLEGATIONS

The following factual summary is taken from the amended complaint and attached exhibits [DE-14] and exhibits offered in support of the motions to dismiss. On July 1, 2008, Plaintiff executed a promissory note in favor of RBC Bank in the amount of $91,5000.00, secured by a deed of trust on the real property located at 9 Crown Point Road, Hubert, North Carolina, 28539. Am. Compl. [DE-14] at 3 ¶¶ 9-10; Note [DE-10-1]; Deed of Trust [DE-10-2]. The deed of trust identifies Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for RBC Bank and its successors and assigns and the beneficiary of the deed of trust. Deed of Trust [DE-10-2] at 3-4. Both the note and the deed of trust provide that they may be sold or transferred. Note [DE-10-1] at 2; Deed of Trust [DE-10-2] at 12-13.

On June 19, 2013, MERS assigned the deed of trust to JP Morgan Chase Bank, N.A. ("Chase"). [DE-10-3]. Chase then assigned the deed of trust to the Federal National Mortgage Association ("Fannie Mae") on June 13, 2014. [DE-14-3]. Plaintiff was in default on his home loan prior to June 1, 2014. Am. Compl. [DE-14] at 3 ¶ 12; 4 ¶ 19. On June 10, 2014, Defendant sent Plaintiff a letter titled "Transfer of Servicing Notice," wherein Defendant advised Plaintiff that it became the servicer of Plaintiff's loan effective June 1, 2014. Am. Compl. [DE-14] at 4 ¶ 13; [DE-

2

14-1]. Defendant also advised Plaintiff that "[t]he assignment, sale, or transfer of the servicing of the mortgage loan does not affect any term or condition of the mortgage instruments, other than terms directly related to the servicing of your loan." [DE-14-1] at 1.

On June 15, 2014, Defendant sent Plaintiff a second letter. Am. Compl. [DE-14] at 4 ¶ 15; [DE-14-2]. In the second letter (the "dunning letter"), Defendant provided information about Plaintiff's home loan, including the name of the creditor, the total amount of debt, the unpaid interest, and late charges. Am. Compl. [DE-14] at 5 ¶ 26; [DE-14-2] at 2. Plaintiff alleges that he was in default when Defendant became the servicer of his debt and when the deed of trust was assigned to Fannie Mae. Am. Compl. [DE-14] at 4 ¶¶ 21-22. Plaintiff asserts the following claims: (1) Defendant failed to make the required disclosures listed in 15 U.S.C. § 1692g(a) in the dunning letter; (2) Defendant used false or misleading representations in violation of 15 U.S.C. § 1692e; and (3) Defendant used unfair or unconscionable means in an attempt to collect interest and fees in violation of 15 U.S.C. § 1692f. The subject-matter jurisdiction of the court arises under 28 U.S.C. § 1331 by virtue of Plaintiff's assertion of claims under the FDCPA.

## III. STANDARD OF REVIEW

Pursuant to Rule 12(b)(6), a court may dismiss an action which fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A 12(b)(6) motion to dismiss tests the sufficiency of the facts pleaded in the complaint and the relevant inquiry is whether the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In reviewing a motion to dismiss, a court is required to consider the complaint in the light most favorable to the plaintiff and to accept as true all well-pleaded factual allegations. *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994) (citation

3

omitted). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Robinson v. Am. Honda Motor Co.*, 551 F.3d 218, 222 (4th Cir. 2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

The Supreme Court has also opined that Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* at 93 (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted). "Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation marks and citations omitted). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts setting forth a cognizable claim under federal law. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (holding that the court is not required to "conjure up questions never squarely presented.").

"If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."

4

Fed. R. Civ. P. 12(d). However, this rule is subject to several exceptions. "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court "may also consider documents attached to the complaint, *see* Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Phillips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *see also Phillips v. LCI Intern., Inc.*, 190 F.3d 609, 618 (4th Cir. 1999) (considering a statement attached to a motion to dismiss where "it was integral to and explicitly relied on in the complaint and because the plaintiffs do not challenge its authenticity."). Exhibits that may be incorporated within the pleadings under Rule 10(c) include documents such as affidavits, letters, contracts, and loan documentation. *Eagle Nation v. Market Force, Inc.*, 180 F. Supp. 2d 752, 754 (E.D.N.C. 2001). "[I]n the event of conflict between the bare allegations of the complaint and any exhibit attached pursuant to Rule 10(c) . . . the exhibit prevails." *Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991) (citation omitted).

## IV. DISCUSSION

### A.  Defendant's First Motion to Dismiss [DE-10]

Defendant moves to dismiss Plaintiff's complaint pursuant to Rules 8 and 12(b)(6), arguing that Plaintiff has failed to state a claim for which relief may be granted. [DE-10]. Plaintiff responded in opposition to the motion to dismiss [DE-15], and Defendant filed a reply [DE-17]. Subsequent to Defendant filing the motion to dismiss, Plaintiff filed an amended complaint as of right pursuant to Rule 15. Am. Compl. [DE-14]. "Unless the amended complaint specifically refers

5

to and adopts or incorporates by reference the earlier pleadings, the amended complaint supercedes an original complaint and renders the original complaint without legal effect." *Singletary ex rel. N.M.M. v. Cumberland Cty. Schs.*, No. 5:12-CV-744, 2013 WL 4674874, at *3 (E.D.N.C. Aug. 30, 2013) (unpublished) (denying as moot a motion to dismiss plaintiff's original complaint where the court granted plaintiff's motion to file an amended complaint) (citing *In re Wireless Tel. Fed. Cost Recovery Fees Lit.*, 396 F.3d 922, 928 (8th Cir. 2005); *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)). *See also Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supercedes the original and renders it of no legal effect.") (internal quotations and citations omitted); *Jeffrey M. Brown Assocs., Inc. v. Rockville Ctr., Inc.*, 7 F. App'x. 197, 202 (4th Cir. 2001) (unpublished) (per curiam) (holding that the district court erred in considering allegations in the original complaint to dismiss the amended complaint, since the amended complaint superceded the original). Here, where Plaintiff has filed an amended complaint as of right pursuant to Rule 15, it superceded the original complaint and accordingly the undersigned recommends that Defendant's first motion to dismiss [DE-10] be denied as moot.

**B.      Defendant's Second Motion to Dismiss [DE-18]**

Defendant moved to dismiss Plaintiff's amended complaint pursuant to Rules 8 and 12(b)(6), for failure to state a claim upon which relief may be granted, incorporating its memorandum in support of the first motion to dismiss [DE-11] and attached exhibits [DE-10-1 through -3]. Def.'s Mot. [DE-18]. Plaintiff responded in opposition [DE-21], and Defendant filed a reply [DE-22].

The FDCPA protects consumers from certain unfair debt collection practices. *See* 15 U.S.C. § 1692(a); *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 135 (4th Cir. 1996). Among other things, the FDCPA prohibits any false, deceptive or misleading representations or means in

connection with the collection of any debt, 15 U.S.C. § 1692e, any unfair or unconscionable means to collect or attempt to collect any debt, 15 U.S.C. § 1692f, and failure to validate a debt, 15 U.S.C. § 1692g. "The FDCPA creates a private cause of action against debt collectors who violate its provisions." *Johnson v. BAC Home Loans Servicing, LP*, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011); *see* 15 U.S.C. § 1692k. "To prevail on a FDCPA claim, a plaintiff must sufficiently allege that (1) he was the object of collection activity arising from a consumer debt as defined by the FDCPA, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant engaged in an act or omission prohibited by the FDCPA." *Johnson*, 867 F. Supp. 2d at 776 (citations omitted).

The relevant provisions of the FDCPA apply only to the activities of a "debt collector." *See* 15 U.S.C. §§ 1692e, 1692f, 1692g, 1692k. Creditors generally are not subject to the FDCPA. *See Maguire v. Citicorp Retail Servs., Inc.*, 147 F.3d 232, 235 (2d Cir. 1998). Debt collectors subject to the FDCPA are defined in 15 U.S.C. § 1692a(6):

> [t]he term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another . . . . [T]he term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

The FDCPA also provides several exceptions to the broad definition of "debt collector," but those exceptions are not implicated by the facts of the instant case. *Id.* For purposes of the FDCPA, a "creditor" is defined as one who "offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." *Id.* §

7

1692a(4). Here, there is no dispute that Defendant is a debt collector or that the debt at issue is consumer debt. *See* Am. Compl. [DE-14] at 2 ¶¶ 4-5; 3 ¶¶ 9, 11; 5 ¶ 23.

1.  **Count One**

In Count One, Plaintiff alleges that the dunning letter [DE-14-2] does not contain the correct amount of the debt in violation of 15 U.S.C. § 1692g(a)(1) and does not contain the true name of the creditor to whom the debt is owed in violation of 15 U.S.C. § 1692g(a)(2). Am. Compl. [DE-14] at 9 ¶¶ 48-49. Plaintiff's allegations focus largely on the identity of his creditor:

> 22. Plaintiff was in default of the debt when the transfer or assignment in Exhibit C [the assignment of the deed of trust to Fannie Mae] was executed and recorded in Onslow County Registry.
>
> . . .
>
> 24. As a result of Plaintiff having been in default at the time the assignment or transfer in Exhibit C was executed and recorded in the Onslow County Registry, [Fannie Mae] is not considered a "creditor" within the meaning of the Fair Debt Collection Practices Act[,] 15 U.S.C. § 1692a(4).
>
> 25. Plaintiff does not owe a debt to [Fannie Mae] because [Fannie Mae] never offered or extended credit to Plaintiff.

Am. Compl. [DE-14] at 4-5 ¶¶ 22, 24-25. Plaintiff also alleges that:

> 29. Exhibit B [the dunning letter] does not contain the correct amount of the debt, since defendant Seterus, Inc. is not entitled to collect any amount of interest or fees prior to the date of servicing of the defaulted debt.
>
> 30. Defendant appears to have violated 15 U.S.C. § 1692g(a)(1) by stating the amount of unpaid interest of [$]1,872.22 and late charges of [$]814.95 which are amounts which the servicer or the . . . falsely named creditor did not incur.
>
> 31. Exhibit B [the dunning letter] does not contain the name of the creditor to whom the debt is owed.
>
> 32. Defendant stated in Exhibit B [the dunning letter] that [Fannie Mae] was the Plaintiff's creditor when they knew or should have known that since the debt was

8

assigned or transferred while the debt was in default [Fannie Mae] was not a creditor as a matter of law and appears to have violated 15 U.S.C. § 1692g(a)(2).

Am. Compl. [DE-14] at 6-7 ¶¶ 29-32.

Defendant argues that the amended complaint, along with Plaintiff's exhibits, demonstrates that Defendant complied with section 1692g(a), as the dunning letter was sent within five days of Defendant's initial communication to Plaintiff, advises Plaintiff that the total amount of his debt was $87,815.49, and identifies Fannie Mae as Plaintiff's creditor. Def.'s Mem. [DE-11] at 5-6 (citing [DE-14-2]).

In response, Plaintiff argues that (1) Defendant's statement of facts in its memorandum [DE-11] should be stricken since counsel is not a "first-hand material facts witness;" (2) Defendant improperly relies on *Pierce v. Ocwen Loan Servicing*, No. 1:06CV00147, 2006 WL 1994571 (M.D.N.C. July 14, 2006) (unpublished) where that case did not involve the FDCPA; (3) the identity of the creditor is a serious matter, citing *Bourff v. Rubin Lublin, LLC*, 674 F.3d 1238 (11th Cir. 2012) (per curiam) and *Shoup v. McCurdy & Candler, LLC*, 465 F. App'x 882 (11th Cir. 2012) (unpublished) (per curiam); and (4) Plaintiff's amended complaint alleges plausible claims and gives Defendant fair notice of his entitlement for relief and meets the requirements of Rules 8 and 12(b)(6), and in the alternative, Plaintiff should be allowed to amend his complaint to more appropriately state his claims. Pl.'s Resp. [DE-21] at 2-3. In reply, Defendant argues that (1) its statement of facts was properly taken from Plaintiff's Amended Complaint, referenced exhibits, and land records; (2) it properly cited to *Pierce* for the proposition that Seterus was entitled to collect what Plaintiff still owed on his loan when Seterus became the loan servicer even though that case did not involve the FDCPA; (3) while the identity of the creditor may be a serious matter, Defendant

9

properly identified Fannie Mae as Plaintiff's creditor; and (4) Plaintiff's allegations still fall short of the requirements of Rules 8 and 12(b)(6) and per *Alexander v. City of Greensboro*, 762 F. Supp. 2d 764, 779 (M.D.N.C. 2011), Plaintiff should not be given another opportunity to amend his complaint. Def.'s Reply [DE-22] at 2-4.

As an initial matter, Plaintiff's argument that Defendant's statement of facts should be stricken is without merit. In considering a motion to dismiss pursuant to Rule 12(b)(6), the court considers the complaint itself but "may also consider documents attached to the complaint, *see* Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Phillips*, 572 F.3d at 180. Here, Defendant's statement of facts is comprised of Plaintiff's own allegations from the Amended Complaint, as well as exhibits attached to the complaint and to Defendant's motion to dismiss. *See* Def.'s Mem. [DE-11] at 2-3. Plaintiff does not challenge the authenticity of any exhibit, but rather argues that Defendant's counsel is not a first-hand witness to the facts at issue. Pl.'s Resp. [DE-21] at 2. Plaintiff's argument that the statement of facts should be stricken is thus without merit.

Section 1692g requires a debt collector to send a consumer a written notice within five days after the initial communication with a consumer in connection with debt collection activity (unless the required information is contained in the initial communication or the consumer has paid the debt). 15 U.S.C. § 1692g(a). This written notice must contain the following information:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

10

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

*Id.* Here, Plaintiff alleges that Defendant failed to include the amount of the debt and the name of the creditor in violation of section 1692g(a)(1) and (2), because Plaintiff was in default when Fannie Mae acquired the deed of trust and thus Fannie Mae is not a creditor as defined by the FDCPA, and Defendant cannot collect interest and late fees incurred before it became the servicer on the loan.

### i.   Identity of the Creditor

Here, both the note and the deed of trust signed by Plaintiff provide that they may be sold or transferred. Note [DE-10-1] at 2; Deed of Trust [DE-10-2] at 12-13. The deed of trust was in fact assigned from MERS (as nominee for RBC Bank) to Chase, and then to Fannie Mae. Am. Compl. [DE-14] at 4 ¶ 17; [DE-10-2, -3]; [DE-14-3]. Plaintiff does not dispute that the assignment took place, but rather argues that as a matter of law, because he was in default on the loan when the assignment to Fannie Mae took place, Fannie Mae cannot be a creditor for purposes of the FDCPA. In support of his argument, Plaintiff cites to *Bourff v. Rubin Lublin, LLC*, 674 F.3d 1238 (11th Cir. 2012) (per curiam), a non-binding, out-of-circuit opinion. There, the Eleventh Circuit held that the plaintiff had plausibly alleged a claim for relief pursuant to sections 1692g(a)(2) and 1692g(e) of the FDCPA where the plaintiff alleged that a debt collector falsely identified a loan servicer as the creditor in the required written notice, as the loan servicer had been assigned the loan for the purposes of collecting on the note for another unknown entity after the plaintiff was already in

11

default. *Id.* at 1240-42. This case is distinguishable from *Bourff*, however, because Plaintiff has not alleged that Fannie Mae was assigned the deed of trust "solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4).

Plaintiff also cites to *Shoup v. McCurdy & Candler, LLC*, 465 F. App'x 882 (11th Cir. 2012) (unpublished) (per curiam), which applied *Bourff* to reach a similar conclusion where the plaintiff had plausibly alleged that a debt collector falsely identified an entity as the creditor and that entity had not offered or extended credit to the plaintiff and the plaintiff did not owe a debt to that entity. *Shoup*, 465 F. App'x at 883-85. Here, Plaintiff both acknowledges that the deed of trust was assigned to Fannie Mae, Am. Compl. [DE-14] at 4 ¶ 17, and argues that he does not owe a debt to Fannie Mae because Fannie Mae never offered or extended credit to Plaintiff, *id.* at 5 ¶ 25. However, the exhibits show that Plaintiff originally executed a promissory note in favor of RBC Bank, Note [DE-10-1]; the promissory note was secured by a deed of trust on real property which identified MERS as nominee for RBC Bank and the beneficiary of the deed of trust, Note [DE-10-1]; Deed of Trust [DE-10-2]; both the note and deed of trust provide that they may be sold or transferred, *id.*; MERS assigned the deed of trust to Chase, [DE-10-3]; and Chase then assigned the deed of trust to Fannie Mae [DE-14-3]. The promissory note provides that Plaintiff promises to pay the principal amount plus interest "to the order of the Lender," and that the Lender is RBC Bank. Note [DE-10-1] at 2. Further, it provides that Plaintiff "understand[s] that the Lender may transfer this Note" and "[t]he Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'" *Id.* The deed of trust provides that "MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns," and that "MERS is the beneficiary under this Security Instrument." Deed of Trust [DE-10-

12

2] at 3. Pursuant to the deed of trust, "MERS (as nominee for Lender and Lender's successors and assigns) has the right" to exercise any or all of the interests granted by Plaintiff in the deed of trust. *Id.* at 4. Further, the deed of trust provides that the "Note or a partial interest in the Note (together with this Security Instrument) can be sold." *Id.* at 12. Such a sale may result in a change in the Loan Servicer "that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note." *Id.* at 12-13.

Despite Plaintiff's allegations that he does not owe a debt to Fannie Mae, the exhibits demonstrate that Plaintiff had acknowledged that the promissory note and the deed of trust may be assigned. *See Joy v. MERSCORP, Inc.*, 935 F. Supp. 2d 848, 860 (E.D.N.C. 2013) (holding that despite plaintiff's allegations MERS lacked authority to assign the deed of trust, "plaintiff's legal assertions [were] contradicted by the plain terms of the note and the deed of trust.") (footnote omitted). Additionally, where the "bare allegations of the complaint" conflict with an exhibit, the exhibit prevails. *Fayetteville Inv'rs*, 936 F.2d at 1465. "The principle is well settled that a valid assignment operates to pass the whole right of the assignor, and that thereafter the assignee stands in the place of the assignor, possessing all rights or remedies available to the assignor." *duPont de Bie v. Vredenburgh*, 490 F.2d 1057, 1061 (4th Cir. 1974) (footnote omitted). Thus, having been assigned the deed of trust, Fannie Mae possessed the right to repayment under the mortgage, despite not having directly offered or extended credit to Plaintiff.

Finally, the definition of "creditor" in section 1692a(4) applies for purposes of determining liability under the FDCPA, because creditors are generally not subject to the FDCPA. *See Maguire*,

13

147 F.3d at 235. Claimant has not made any allegations that Fannie Mae took any action which might violate the FDCPA, such that it would be necessary to determine whether Fannie Mae is a creditor or debt collector pursuant to the act. Thus, where the deed of trust was validly assigned to Fannie Mae and Plaintiff had a continuing obligation to pay his mortgage, Defendant properly listed Fannie Mae as the creditor on the dunning letter. Accordingly, Plaintiff has failed to state a claim for which relief may be granted by alleging that Defendant violated section 1692a(4) by failing to list Plaintiff's true creditor.

### ii. Amount of Debt

Plaintiff alleges that Defendant has violated section 1692g(a)(1) by failing to include the amount of debt in the dunning letter, as Defendant included interest and late fees incurred before Defendant became the loan servicer and which were not incurred by the falsely named creditor. Am. Compl. [DE-14] at 6-7 ¶¶ 29-30. The promissory note, however, provides that Plaintiff will pay yearly interest at a rate of 6.625% on the unpaid principal and is subject to a late charge for overdue payments. Note [DE-10-1] at 2-3 ("If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, [Plaintiff] will pay a late charge to the Note Holder. The amount of the charge will be 4.000% of my overdue payment of principal and interest."). The dunning letter lists the amount of debt as $87,815.49, unpaid interest as $1,972.22, and late charges as $814.95. [DE-14-2] at 2. As discussed above, having been assigned the deed of trust, Fannie Mae possessed the right to repayment under the mortgage, which would include any late fees or interest incurred prior to the assignment. *Vredenburgh*, 490 F.2d at 1061 ("a valid assignment operates to pass the whole right of the assignor, and that thereafter the assignee stands in the place of the assignor, possessing all rights or remedies available to the

14

assignor.").

The exhibits show that Plaintiff acknowledged both that the deed of trust and the promissory note might be assigned and that the identity of the loan servicer might change. Note [DE-10-1]; Deed of Trust [DE-10-2]. Seterus became the loan servicer for Plaintiff's loan effective June 1, 2014. [DE-14-1] at 2. When Seterus became the loan servicer for Plaintiff's mortgage, "it obtained the right to collect what Plaintiff still owed on the loan[.]" *Pierce*, 2006 WL 1994571, *3 (footnote omitted). While Plaintiff argues that *Pierce* is not a FDCPA case and should not be relied upon, this argument is without merit where that case is only cited for the proposition that once an entity becomes a loan servicer, it is entitled to collect what is owed on the loan. Further, nowhere does Plaintiff allege that Defendant misstated or miscalculated the amount of interest or late charges—instead, Plaintiff simply alleges that Defendant is not entitled to collect interest and late charges incurred prior to the assignments to Fannie Mae and Defendant. Where the promissory note authorizes interest charges and late fees and the mortgage was assigned to Fannie Mae and to Defendant to act as the loan servicer, Plaintiff's obligations to pay these interest charges and late fees does not dissipate. And any dispute between Plaintiff's bare allegations and the exhibits must be resolved in favor of the exhibits. *Fayetteville Inv'rs*, 936 F.2d at 1465. Thus, Defendant was entitled to collect the unpaid interest and late fees, and accordingly, Plaintiff has failed to state a claim for which relief may be granted by alleging that Defendant violated section 1692a(1) by failing to list the amount of Plaintiff's debt where Defendant included unpaid interest and late fees.

### 2. Count Two

In Count Two, Plaintiff alleges that the dunning letter [DE-14-2] "[c]ontains false, deceptive or misleading representation of the character or legal status of the debt in violation of 15 U.S.C. §

15

1692e(2)(A)" and "[c]ontains false representation or deceptive means in an attempt to collect a debt in violation of 15 U.S.C. § 1692e(10)." Am. Compl. [DE-14] at 9 ¶¶ 51-52. Further, Plaintiff alleges the following:

> 34. Exhibit B [the dunning letter] fails to make the required true and genuine character or legal status of the alleged debt.
>
> 35. Exhibit B does not contain true representation of the character or legal status of the debt.
>
> 36. Defendant appears to have violated 15 U.S.C. § 1692e(2)(A).
>
> 37. Exhibit B is defendant's attempt to represent [Fannie Mae] as the plaintiff's creditor in its attempt to collect the alleged debt which is simply false, misleading or deceptive representation by the defendant.
>
> 38. Defendant is required not to use false representation or deceptive means to collect or attempt to collect any debt.
>
> 39. Exhibit B contains false, misleading or deceptive representation stating Fannie Mae as plaintiff's creditor.
>
> 40. Defendant stating that [Fannie Mae] was the Plaintiff's creditor when in fact they were not utilized false, misleading or deceptive representation in an attempt to collect the defaulted debt appears to have violated 15 U.S.C. § 1692e(10).

Am. Compl. [DE-14] at 7-8 ¶¶ 34-40. Defendant argues that Count Two should be dismissed for failure to state a claim pursuant to Rules 8 and 12(b)(6). Def.'s Mem. [DE-11] at 6-7.

Section 1692e prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Specific conduct offered as examples of violations of section 1692e include "[t]he false representation of the . . . character, amount, or legal status of any debt" and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt[.]" *Id.* §§ 1692e(2)(A) & (10). Construing

16

Plaintiff's complaint liberally, he appears to be alleging that Defendant violated section 1692e(2)(A) by including the interest charges and late fees in the amount of the debt and violated section 1692e(10) by naming Fannie Mae as Plaintiff's creditor. However, as discussed above, Plaintiff does not challenge the amount of interest and late fees charged, but rather argues that Defendant and Fannie Mae are not entitled to collect those fees. Additionally, Defendant did not err by listing Fannie Mae as Plaintiff's creditor where the deed of trust was assigned to Fannie Mae. Accordingly, Plaintiff has failed to state a claim for which relief may be granted by alleging that Defendant violated sections 1692e(2)(A) & (10).

### 3. Count Three

In Count Three, Plaintiff alleges that the dunning letter [DE-14-2] "[c]ontains unfair or unconscionable means in an attempt to collect interest and fees the Defendant and or Fannie Mae did not incur in violation of 15 U.S.C. § 1692f(1)." Am. Compl. [DE-14] at 9 ¶ 54. Plaintiff also alleges the following:

> 41. Exhibit B [the dunning letter] is defendant's attempt to collect unpaid interest and late fees that the Defendant and or Fannie Mae did not incur.
>
> 42. Defendant is required not to attempt to collect unpaid interest and fees it did not incur.
>
> 43. Exhibit B contains statements of unpaid interest of [$]1,872.22 and late charges of [$]814.95 that the defendant and/or [Fannie Mae] did not incur.
>
> 44. Defendant stating the unpaid interest and late fees they did not incur appears to have violated . . . 15 U.S.C. § 1692f(1).

Am. Compl. [DE-14] at 8 ¶¶ 41-44. Defendant argues that Count Three should be dismissed for failure to state a claim pursuant to Rules 8 and 12(b)(6). Def.'s Mem. [DE-11] at 7-8.

Section 1692f prohibits debt collectors from using "unfair or unconscionable means to collect

17

or attempt to collect any debt." 15 U.S.C. § 1692f. One specific example of conduct prohibited under this section is "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." *Id.* § 1692f(1). Again, as discussed above, the promissory note specifically included provisions allowing for the collection of interest on the unpaid principal and late fees, and Plaintiff does not challenge the amount of interest or late fees, but instead the ability of Defendant and Fannie Mae to collect such charges. Where the collection of interest and late fees is expressly authorized by the promissory note, Plaintiff's allegation that Defendant violated 15 U.S.C. § 1692f(1) by listing interest and late fees in the dunning letter fails to state a claim for which relief may be granted.

Although Plaintiff argues that he has sufficiently plead his claims pursuant to Rules 8 and 12(b)(6), he argues in the alternative that he should be allowed to amend his complaint to more appropriately state his claims. Pl.'s Resp. [DE-21] at 2-3. Plaintiff has already amended his complaint once, however, and it is recommended that his claims in the Amended Complaint be dismissed pursuant to Rule 12(b)(6) for failure to state a claim as a matter of law, not for failure to plead sufficient facts. Accordingly, where the legal defects in Plaintiff's claims cannot be remedied by amendment, it is recommended that Plaintiff not be given another opportunity to amend his complaint and that the Amended Complaint [DE-14] be dismissed with prejudice. *Ward v. Coastal Carolina Health Care, P.A.*, 597 F. Supp. 2d 567, 570 (E.D.N.C. 2009) (dismissing complaint with prejudice where plaintiff could not amend the complaint to cure the legal defect); *see also Goode v. Cent. Va. Legal Aid Soc'y*, 807 F.3d 619, 624 (4th Cir. 2015); *Shackleford v. Riverside Reg'l Med. Ctr.*, 466 F. App'x 287, 287 (4th Cir. 2012) (per curiam) (unpublished) ("the deficiency ... that the

18

complaint did not assert sufficient allegations in support of its legal conclusions . . . may be remedied by the filing of a complaint that articulates adequate allegations").

## V. CONCLUSION

For the reasons stated above, it is RECOMMENDED that Defendant's first motion to dismiss [DE-10] be DENIED AS MOOT and Defendant's second motion to dismiss [DE-18] be GRANTED.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until **March 3, 2016** to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b). Any response to objections shall be filed by within **10 days** of the filing of the objections.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

19

Submitted, the 18th day of February 2016.

Robert B. Jones, Jr.
United States Magistrate Judge