IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:15-CV-125-FL

| | | |
|---|---|---|
| JAMES HAMBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| SETERUS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the Memorandum and Recommendation ("M&R") of United States Magistrate Judge Robert B. Jones, Jr., regarding defendant's motions to dismiss (DE 10, 18). No objections to the M&R have been filed, and the time within which to make any objection has expired. This matter is ripe for ruling.

Plaintiff filed suit on June 5, 2015, alleging claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., related to defendant's conduct in attempting to collect on plaintiff's defaulted mortgage loan. Plaintiff claims defendant failed to make required disclosures under § 1692g(a), made false or misleading representations in violation of § 1692e, and used unfair or unconscionable means in an attempt to collect interest and fees in violation of §1692f.

Plaintiff's claims fail as a matter of law. With respect to disclosure of the identity of the creditor, defendant properly listed Fannie Mae as the creditor, where the deed of trust was validly assigned to Fannie Mae and plaintiff had a continuing obligation to make payments under his mortgage loan. (See Am. Compl. ¶¶ 12, 17 19; DE 14-3). "The principle is well settled that a valid

assignment operates to pass the whole right of the assignor, and that thereafter the assignee stands in the place of the assignor, possessing all rights or remedies available to the assignor." duPont de-Bie v. Vredenburgh, 490 F.2d 1057, 1061 (4th Cir. 1974).  On the same basis, plaintiff's remaining claims that defendant was not entitled to collect the full amount of debt, including interest or charges incurred prior to assignment, or falsely stated the status of the alleged debt, also must fail. (See M&R, DE 23 at 14-18).

In sum, upon careful review of the M&R and of the record generally, having found no clear error, the court hereby ADOPTS the recommendation of the magistrate judge as its own. For the reasons stated therein, defendant's first motion to dismiss is DENIED AS MOOT, and defendant's second motion to dismiss is GRANTED.  Plaintiff's claims are DISMISSED WITH PREJUDICE, where they fail as a matter of law, and no amendment could cure the complaint's defects.  See Goode v. Central Va. Legal Aid Soc'y, 807 F.3d 619, 628 (4th Cir. 2015).  The clerk of court is directed to close the case.

SO ORDERED this the 10th day of March, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge